UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NIRIN WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-01099-GCS |
| | ) | |
| ROBERT BARTON, | ) | |
| CHRISTOPHER BAILEY | ) | |
| and | ) | |
| JOSH SEIFFERT, | | |
| | | |
| Defendants | | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff's motion for reconsideration, (Doc. 235), and Defendants Bailey, Barton and Seifert's motion to reconsider. (Doc. 237). Specifically, the parties move the Court to reconsider the Memorandum & Order dated March 26, 2026, 2025, (Doc. 229), granting in part and denying in part Defendants' motion for summary judgment. Defendants oppose Plaintiff's motion. (Doc. 238). Based on the reasons delineated below, the Court **DENIES** both motions.

Plaintiff Nirin Walls is a prisoner currently incarcerated at Lawrence Correctional Center ("Lawrence") in the Illinois Department of Corrections ("IDOC"). He filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was confined at Centralia Correctional Center ("Centralia"). (Doc. 1). The claims in his complaint include, *inter alia*, violations of the Eighth Amendment by correctional

officers and correctional counselors, who failed to protect him on two separate occasions from assaults by fellow inmates in 2020. He seeks monetary damages.

On May 30, 2023, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff was allowed to proceed on the following claims:

> **Count 2:** Eighth Amendment claim against Defendants Barton and Bailey for failing to protect Plaintiff from attack by inmates on August 5, 2020.
>
> **Count 6:** Eighth Amendment claims against Defendants Robinson, Delgado, Meyer, Seiffert, and Thompson for failing to protect Plaintiff from attack by an inmate on October 3, 2020.

(Doc. 29).

On March 26, 2026, the Court granted in part and denied in part Defendants' motion for summary judgment. (Doc. 229). The Court denied the motion as to the claims against Defendants Bailey and Barton in Count 2 and as to the claim against Defendant Seiffert in Count 6 and the Court granted the motion as to the claims against Defendants Robinson, Thompson, Delgado, and Meyers in Count 6.

The Court turns now to address the merits of the motions for reconsideration.

### DISCUSSION

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *See United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment/order to be timely. This time

limit is unyielding." *Banks v. Chicago Bd. of Educ.,* 750 F.3d 663, 666 (7th Cir. 2014) (citations omitted). The Court cannot extend the 28-day deadline imposed by Rule 59(e). *Id.* (citing FED. R. CIV. PROC. 6(b)(2); *Justice v. Town of Cicero, Ill.,* 682 F. 3d 662, 664-665 (7th Cir. 2012). When a motion to reconsider is filed more than 28 days after the entry of judgment/order, the Court is to treat the motion as filed under Rule 60(b). *Id.*

Here, the motions for reconsideration were filed on April 13, 2026, and April 21, 2026, respectively, within the 28-day deadline. (Doc. 235, 237). Thus, the Court will consider the motions under Rule 59(e).

Altering or amending through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted). Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry.

A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015) (citations and internal quotations omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

As to both motions for reconsideration, the Court finds that there is no manifest error of law or fact under the standard set forth under Rule 59(e). Clearly, both parties take issue with the Court's decision regarding the summary judgment. Plaintiff takes issue with the Court granting summary judgment in favor of Defendants Thompson and Robinson. Defendants, in turn, take issue with the Court denying summary judgment as to the claims against them. Even so, they both primarily rehash and reargue points raised in their pleadings regarding the summary judgment motion. Specifically, Plaintiff argues that Defendants provided no evidence about protective custody requests, investigations, and why he was not protected after his mother contacted Defendant Thompson and whether he was interviewed. (Doc. 235). However, the Court addressed these issues in its extensive and thorough Memorandum & Order granting this portion of Defendants' motion for summary judgment. In fact, the Court found that Plaintiff's protective custody request was received by Defendant Thompson, that Defendant Thompson referred that request to Internal Affairs, that Internal Affairs investigated Plaintiff's requests and found that Plaintiff's claims could not be substantiated, that Internal Affairs addressed and determined whether protective custody was proper, and that Plaintiff never identified inmate Gunby as a threat. (Doc. 229, p. 18-19).

As to Defendants' argument regarding deliberate indifference, *i.e.*, they did not violate Plaintiff's Eighth Amendment rights, Defendants maintain that Defendant Barton could not have known of the impending attack; that Defendant Bailey did not know that an attack happened and that when Defendant Bailey was aware of the attack he called for help, and that Defendant Seiffert did not know about the threats made by inmate

Gunby. Similarly, as stated *supra*, the Court considered these arguments in its Memorandum & Order dated March 26, 2026, and found that genuine disputes of material fact existed to preclude summary judgment. (Doc. 229, p. 14-18). Viewing the evidence in the light most favorable to Plaintiff, the Court remains satisfied that the evidence presents triable issues that must be decided by a jury.

The Court did not overlook significant facts that would have changed the outcome of the undersigned's decision. The Court remains convinced of the correctness of its decision. There has not been a wholesale disregard for, misapplication of, or failure to recognize controlling precedent.

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration, (Doc. 235), and Defendants' motion for reconsideration. (Doc. 237).

**IT IS SO ORDERED.**

**DATED:  May 21, 2026.**

Digitally signed by
Judge Sison
Date: 2026.05.21
14:56:42 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**